IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH MARTINEZ, | ) | No. CV-F-02-6619 REC LJO P |
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING |
| | ) | DEFENDANTS' MOTION FOR |
| vs. | ) | RECONSIDERATION OF ORDER |
| | ) | DENYING MOTION TO SEAL |
| J. CATHEY, SGT., et al. | ) | DOCUMENTS AND FOR *IN CAMERA* |
| | ) | REVIEW AND (2) DIRECTING |
| Defendants. | ) | THE MAGISTRATE JUDGE TO |
| | ) | CONSIDER THE SEALED |
| | ) | DOCUMENTS IN CONJUNCTION |
| | | WITH DEFENDANTS' MOTION FOR |
| | | SUMMARY JUDGMENT. |
| | | (Docs. 63 & 64) |

On April 1, 2005, Defendants filed a Motion for Reconsideration of the Order Denying the Motion for *In Camera* Review. Upon due consideration of the written arguments and the record herein, the Court GRANTS the Motion for Reconsideration as set forth herein.

**I.  Background**

Kenneth Martinez ("Plaintiff") is a state prisoner[1]

---

[1] Plaintiff filed a change of address on July 23, 2004, to an ordinary street address in Los Angeles. (Doc. 53.)  It appears

1

1  proceeding *pro se* and *in forma pauperis* in this 42 U.S.C.
2  section 1983 action.  Plaintiff claims that Defendants Cathey,
3  Alcantar, Fischer, Marshall, Meske, and Williams (collectively
4  "Defendants") violated his due process rights when their actions
5  caused him to be validated as a member of the Mexican Mafia
6  prison gang and assigned to the Security Housing Unit ("SHU") at
7  California State Prison, Corcoran.  (Doc. 1.)

8      On November 5, 2004, Defendants filed a Motion for Summary
9  Judgment.  (Doc. 55.)  In support of the Motion for Summary
10 Judgment, Defendants filed declarations of R. Reyff, Deputy
11 Attorney General, and E.W. Fischer.  Defendants filed a Motion to
12 seal exhibits A, C, D, and G to the declaration of E.W. Fischer.
13 Defendants urged the court to review the sealed exhibits *in*
14 *camera* in connection with the Motion for Summary Judgment.
15 Defendants argued that the exhibits were confidential and should
16 not be disclosed to the public or to Plaintiff.  Their reasoning
17 was that disclosure "could endanger the safety and security of
18 the institutions" and "could threaten prison security by
19 divulging the methods and status of investigations into unlawful
20 conduct by inmates."  (Fischer Decl. at ¶ 3.)

21     Magistrate Judge O'Neill granted Defendants' Motion to Seal
22 the exhibits on January 27, 2005.  The Magistrate Judge
23 disagreed, however, with Defendants' contention that the court
24 could rely on the sealed documents without disclosing them to

25 ―――――――――――――
26 that Plaintiff is no longer in state custody.

2

1  Plaintiff.  The court refused to rely on the sealed documents
2  unless Defendants would first do one of the following:
3          1) fully disclose the material under seal to
           the opposing party who maintains the right to
4          defend against the material contained
           therein; (2) provide sound legal authority
5          allowing the Court to rely on evidence
           submitted but not disclosed to the opposing
6          party; or (3) request that the exhibits be
           withdrawn from the Court's consideration on
7          the dispositive motion.
8  Order Granting Motion to File Documents Under Seal at 3.
9      On February 25, 2005, Defendants filed a Response to the
10 Magistrate Judge's Order.  (Doc. 62.)  They cited authority in
11 support of the court's *in camera* review of the documents in
12 conjunction with the Motion for Summary Judgment.  In the
13 alternative, Defendants asked to withdraw the documents from the
14 court's consideration.
15     On March 23, 2005, the court issued an order denying the
16 Motion for *In Camera* Review, granting Defendants' request to
17 withdraw the documents, and directing the Clerk of the Court to
18 return the sealed and lodged documents to Defendants ("Order").
19 (Doc. 63.)
20     On April 1, 2005, Defendants timely filed a Motion for
21 Reconsideration of the Order Denying the Motion for *In Camera*
22 Review (the "Motion").  (Doc. 64.)  Plaintiff has not filed an
23 opposition to the Motion.
24 **II. Discussion**
25     **A.   Standard of Review**
26     According to Local Rule 72-303, a district judge upholds a

3

1 magistrate's ruling on a referred matter unless it is "clearly
2 erroneous or contrary to law."  See Fed. R. Civ. P. 72(a); 28
3 U.S.C. § 636(b)(1)(A).

4     The "clearly erroneous" standard applies only to a
5 magistrate judge's findings of fact.  Concrete Pipe & Prods. v.
6 Constr. Laborers Pension Trust, 508 U.S. 602, 623, 113 S. Ct.
7 2264, 124 L. Ed. 2d 539 (1993).  The "contrary to law" standard,
8 on the other hand, allows independent, plenary review of purely
9 legal determinations by the magistrate judge.  FDIC v. Fidelity &
10 Deposit Co. of Md., 196 F.R.D. 375, 378 (S.D. Cal. 2000); Haines
11 v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992).

12     **B.   Accepting Documents Under Seal**

13     The Magistrate Judge held that "the sensitive nature of the
14 documents submitted for sealing" made it appropriate to accept
15 them under seal.  Order Granting Motion to File Documents Under
16 Seal at 3.  Because this was a finding of fact, the Court will
17 reverse it only if "clearly erroneous."  See Concrete Pipe &
18 Prods., 508 U.S. at 623 (1993).  The Court has reviewed the
19 materials under seal to determine whether they include
20 information likely to threaten penological interests.  See Ponte,
21 471 U.S. at 499.  In camera review by the district court is
22 appropriate "if prison security or similar paramount interests
23 appear to require it, . . . ."  Id.

24     One item submitted under seal is the Confidential California
25 Department of Corrections Operations Manual.  It contains what
26 appear to be guidelines explaining confidential procedures for

4

1  combating gang activity.  Another item is a letter of April 26,
2  1999, from inmate Sanchez, an identified gang member, to a third
3  party concerning a business transaction with Plaintiff.  Also
4  submitted under seal is a debriefing statement and interview by
5  an inmate indicating that Plaintiff was associated with a prison
6  gang.

7  The secrecy of prison officials methods, the status of
8  ongoing investigations, and the identity and statements of
9  confidential sources can be important to prison security.  See
10 Ponte, 471 U.S. at 499.  Keeping these documents under seal is
11 important to maintaining that secrecy.  The Court holds that the
12 Magistrate Judge's finding that the sensitive nature of the
13 documents requires them to remain under seal was not clearly
14 erroneous.

15 **C.   Due Process Limitations on *In Camera* Review**

16 Because the documents remain under seal, the Court must
17 decide whether the Magistrate Judge properly declined to consider
18 the documents *ex parte* in connection with Defendants' Motion for
19 Summary Judgment.  The Magistrate Judge reviewed the authority
20 that Defendants cite and concluded that none of it justified
21 supporting a dispositive motion with materials kept under seal
22 from the nonmoving party.  Order at 2-3.  Generally, *ex parte*
23 review of *in camera* submissions is disfavored.  American-Arab
24 Anti-Discrimination Comm. v. Reno, 70 F.3d 1045, 1070 (9th Cir.
25 1995).  This general rule does not foreclose the possibility that
26 certain exigent circumstances require that a court consider

1  information that is not disclosed to the other party.  Id.; see
2  Abourezk v. Reagan, 785 F.2d 1043, 1061 (D.C. Cir. 1986)
3  (national security).  The Magistrate Judge, after reviewing the
4  authority Defendants cite, concluded that none of the authority
5  binds it to reach the conclusion that Defendants urge.

6  Pennsylvania v. Ritchie, 480 U.S. 39, 107 S. Ct. 989, 94 L.
7  Ed. 2d 40 (1985), addressed the importance of review by counsel
8  to determine whether potentially exculpatory evidence was subject
9  to discovery.  Id. at 60.  The Court held that *in camera* review
10 by the trial court was sufficient to protect defendant's due
11 process rights.  Id.  Ritchie does not address the central
12 question at hand because the issue here does not concern
13 discovery, but rather whether a court may decide a dispositive
14 motion based on evidence to which the nonmoving party lacks
15 access.  Of some relevance, though, is that Ritchie does express
16 the high court's willingness to allow the trial court to
17 substitute its judgment for that of plaintiff and plaintiff's
18 counsel.  Id.

19 In Ponte v. Real, 471 U.S. 491, 105 S. Ct. 2192, 85 L. Ed.
20 2d 553 (1985), the Court considered, in a due process context,
21 the manner by which prison officers could explain their reasons
22 for refusing to call witnesses at the inmate's request.  The
23 Court held that the reasons why the prison officials refuse to
24 call witnesses

25             are almost by definition not available to the
              inmate; given the sort of prison conditions
26             that may exist, there may be a sound basis

6

> for refusing to tell the inmate what the
> reasons for denying his witness request are.
> Indeed, if prison security or similar
> paramount interests appear to require it, a
> court should allow at least in the first
> instance a prison official's justification
> for refusal to call witnesses to be presented
> to the court *in camera*.[2]

Ponte, 471 U.S. at 499. In the context of a due process discussion, this language appears to endorse *in camera* review of confidential materials. The passage could be construed as permissive, however, entitling the inmate to request that the court review materials *in camera* in support of plaintiff's assertion that the materials are unreliable.[3] Moreover, the Ponte Court does not explicitly address the due process implications of the trial court's *in camera* review. Instead, the Court speaks only to what procedure can establish due process in the underlying prison proceeding. Id. At first blush, this seems to be a very fine distinction that the Magistrate Judge draws, but it is a valid one. See Mendoza v. Miller, 779 F.2d

---

[2] In Ponte, even the dissenting Justices agreed that "sealed contemporaneous explanations followed by *in camera* review . . . would satisfy [due process] concerns fully." 471 U.S. at 513 (Marshall, J., dissenting).

[3] The sentence that follows the passage authorizing *in camera* review indicates that requiring such review could be the plaintiff's prerogative: "But there is no reason for going further, and adding another weight to an already heavily weighted scale by requiring an inmate to produce evidence of which he will rarely be in possession, and of which the superintendent will almost always be in possession." Ponte, 471 U.S. at 499. It is hard to see, however, how by challenging the prison procedure, a plaintiff does not waive his right to object to a permissible means of establishing the procedure's reliability endorsed by the Supreme Court.

7

1287, 1291 (7th Cir. 1985) (addressing separately plaintiff's due process challenge to the prison disciplinary committee's reliance on confidential informants and plaintiff's due process challenge to court's refusal to allow him or his counsel to review material submitted to the court *in camera*).

Defendants' invocation of the California Code of Regulations is similarly unavailing. Defendants seem to argue that because these materials are confidential for correctional purposes, keeping them from Plaintiff is appropriate in these proceedings as well. See Cal. Code Regs. tit. 15, § 3121(a)(1)-(2). The Magistrate Judge correctly concluded that these regulations do not govern civil procedure in this Court. Though the classified status of documents might be relevant as to whether the documents should be under seal at all, it does not bear on whether using the materials against Plaintiff without his knowledge of their contents is appropriate.

The Ninth Circuit has endorsed *in camera* review as a means of determining whether confidential information from an unidentified prison informant is reliable. Zimmerlee v. Keeney, 831 F.2d 183, 186-87 (9th Cir. 1987) (citing Mendoza, 779 F.2d at 1293). The Magistrate Judge correctly concludes that the due process implications of *in camera* review by the trial judge were not before the Zimmerlee court. It seems unlikely, however, that the Ninth Circuit would hold that *in camera* review can establish that the prison's administrative proceedings pass due process muster without accepting as a premise that such *in camera* review

8

is itself permissible.  Nevertheless, the Magistrate Judge correctly concludes that Zimmerlee does not bind us to reject a due process challenge to *in camera* review.

On the other hand, Zimmerlee, combined with the overwhelming weight of other United States Courts of Appeals' authority, does not leave much question as to how the Ninth Circuit would respond to a more specific challenge to a district court's *in camera* review.  The Ninth Circuit has upheld against a due process challenge an *in camera* evidentiary hearing to determine the validity of informant information where a criminal defendant and his counsel were prohibited to attend.  United States v. Anderson, 509 F.2d 724, 728 (9th Cir. 1974).  In at least one context concerning government informants, *in camera* proceedings are "favored procedure."  See United States v. Spires, 3 F.3d 1234, 1238 (9th Cir. 1993)(holding that where a criminal defendant seeks disclosure of a government informant "an *in camera* hearing is favored procedure" to determine whether disclosure of informant's identity would be relevant and helpful to defendant).

The Ninth Circuit relied on Mendoza in Zimmerlee to determine the process by which prison officials could establish reliability of confidential informant statements.  Zimmerlee, 831 F.2d at 186-87.  In Mendoza, the Seventh Circuit addressed the specific question whether a district court violated an inmate's due process rights by granting summary judgment against his habeas corpus claim based on *in camera* review of materials

9

1  concerning confidential informants.  779 F.2d at 1291.  The court
2  acknowledged the "concerns for institutional safety and
3  correctional goals" that motivate protection of constitutional
4  informants.  Id. at 1295.  Balancing these concerns with the
5  inmate's due process rights, the court noted that "[s]ubmission
6  of a confidential report for *in camera* review allows the court to
7  determine whether the committee's actions were fair, i.e.,
8  whether the committee acted in an arbitrary and capricious manner
9  by accepting confidential information without some indication of
10 the reliability of the information."  Id.  The Seventh Circuit
11 upheld the district court's grant of summary judgment, declining
12 to adopt a general rule allowing inmates or their counsel access
13 to reports containing confidential information.  Id. at 1298.
14      The appellate court in Mendoza did conduct *in camera* review
15 of the confidential documents to determine whether the inmate's
16 *attorney*, but not the inmate, should have had access to them.
17 Id.  The court determined that denying the inmate's attorney
18 access was permissible because prison officials' decision to
19 withhold them was motivated by concerns for institutional safety.
20 Id.
21      Another court of appeals has also decided the narrow issue
22 before the Court.  Freitas v. Auger, 837 F.2d 806, 810 n. 7 (8th
23 Cir. 1988).  That case also concerned the reliability of
24 confidential reports in a prison disciplinary proceeding.  Id. at
25 807.  The prisoner argued that denying his counsel access to the
26 confidential reports before the district court denied him an

10

essential due process protection. Id. at 810 n. 7.  The appellate court rejected the argument and upheld the district court's denial of 42 U.S.C. section 1983 relief.  Id. at 810. The lower court's *in camera* review of the confidential information provided a satisfactory means of determining the reliability of the prison officials' confidential informants. Id.

Other courts, without explicitly deciding the narrow issue of the due process merits of *ex parte in camera* review, have endorsed district courts' *ex parte in camera* review in prison due process cases.  See, e.g., Russell v. Selsky, 35 F.3d 55, 58 (2d Cir. 1994); Henderson v. Carlson, 812 F.2d 874, 880 (3d Cir. 1987); Hensley v. Wilson, 850 F.2d 269, 282 (6th Cir. 1988); Taylor v. Wallace, 931 F.2d 698, 702 (10th Cir. 1991).

The Magistrate Judge does not cite, and the Court is unable to find, a single case that refused on due process grounds to consider *in camera* confidential materials supporting a prison disciplinary action.  Authority of the Supreme Court, the Ninth Circuit, and other federal circuits indicates that *in camera* review in this context is permissible.[4]  Accordingly, the Court

---

[4] Some courts have held that an inmate may have certain limited rights to have his attorney review, subject to a protective order, confidential information that might endanger penological interests in the hands of the inmate.  See, e.g., Wagner v. Williford, 804 F.2d 1012, 1017-18 (7th Cir. 1986).  Plaintiff, who is currently proceeding *pro se*, would not benefit from such a privilege.  Nor has Plaintiff asked the Court to allow an attorney to review the materials on his behalf.  Thus, the Court need not decide whether Plaintiff's due process rights require the Court to allow an attorney to review of the confidential documents for Plaintiff.

11

holds that the Magistrate Judge shall review *in camera* Exhibits A, C, D, and G to the Declaration of E.W. Fischer for the purpose of deciding Defendants' Motion for Summary Judgment.

**ACCORDINGLY:**

1. Exhibits A, C, D, and G to the declaration of E.W. Fischer shall remain under seal.
2. The Magistrate Judge shall review the sealed documents *in camera* and consider them in deciding Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.

**Dated: January 27, 2006**  /s/ Robert E. Coyle
810ha4                       UNITED STATES DISTRICT JUDGE